## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALYNDA TALMADGE and JAMES )
DOUGLAS TALMADGE, her husband, )
ELIZABETH ANN LUCAS, JAMES R. LUCAS )
and RITA ANN LUCAS, his wife, PATRICIA )
KNIGHT, Personal Representative of the Estate )
OF KEVIN EDWARD HOWARD KNIGHT, )
deceased, and PATRICIA KNIGHT, in her )
individual capacity, JOHN E. WHITLINGER and )
SHIRLEY A. WHITLINGER, his wife, KAREN )
LOUISE BOVE and LUCIEN BOVE, her )
husband, PAUL W. LANTS and EVA MARIE )
LANTS, his wife, DONNA JEAN WYSOCKI )
and PATRICK RAYMOND WYSOCKI , her )
husband, )
)
)
)
)
      Plaintiffs, )
)
        v. )
)
BABCOCK & WILCOX POWER )
GENERATION GROUP, INC., as )
Successor-in-interest to Babcock & )
Wilcox Company, B&W TECHNICAL )
SERVICES, INC., f/k/a B&W Nuclear )
Environmental Services, Inc., and )
ATLANTIC RICHFIELD COMPANY, )
predecessors-in-interest, successors-in-interest, )
subdivisions and subsidiaries, )
)
      Defendants. )
)
)
)
)
)
)
)

_____

**COMPLAINT IN CIVIL ACTION - JURY TRIAL DEMANDED**

**I.**

**INTRODUCTION**

1.      Plaintiffs bring this action against Defendants seeking redress for injuries they have suffered in the past and will continue to suffer as a result of Defendants' reckless, grossly negligent and negligent operation, remediation, and/or decommissioning of two nuclear materials processing facilities located in the Borough of Apollo and in Parks Township, Pennsylvania. Throughout the operational history of these facilities, Defendants have caused the release of hazardous radioactive substances into the surrounding environment.   These releases have contaminated the air, soil, surface water and ground water in the surrounding communities, directly and proximately causing Wife Plaintiff's personal injuries.

**II.**

**JURISDICTION**

2.      This action arises under the United States Price Anderson Act, 42 U.S.C. §§ 2210, et seq., as hereinafter more fully appears.  Section 2210(n)(2) of that Act provides an express grant of jurisdiction to the United States District Courts and grants jurisdiction to this Court to consider Plaintiffs' claims.

3.      This action arises under the United States Atomic Energy Act, 42 U.S.C. §§ 2011, et seq., and the United States Price Anderson Act, 42 U.S.C. §§ 2210, et seq., as hereinafter more fully appears.  Therefore, this court also has jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. § 1331.

4.      Because this action also arises under laws of the United States regulating commerce, this court has jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. § 1337, as hereinafter more

fully appears.  Both the Atomic Energy Act, 42 U.S.C. §§ 2011, et seq., and the Price Anderson Act, 42 U.S.C. §§ 2210, et seq., regulate commerce in the nuclear fuels and nuclear power industry.

5.      Because Plaintiffs' state law claims arise out of the same case or controversy as their federal claims, this court has jurisdiction over those ancillary and pendent state law claims by virtue of 28 U.S.C. § 1367(a).

### III.

### VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2210(n)(2) because Plaintiffs' causes of action arose in this district and because the nuclear incidents giving rise to Plaintiffs' claims transpired in this district.

### IV.

### THE PARTIES

7.      The following persons are Plaintiffs in this action:

a.      (1)      Alynda Talmadge is currently living and residing in Apollo, Pennsylvania. Alynda Talmadge has lived in Apollo, Pennsylvania area all of her life.  Alynda Talmadge visited friends and relatives in this community throughout her life.  Alynda Talmadge was diagnosed with breast cancer in December 2011.  Alynda Talmadge developed breast cancer as a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo, Pennsylvania.  This disease has caused her severe physical injury, pain, suffering, and mental and emotional damage.

(2)     James Douglas Talmadge is the spouse of Alynda Talmadge.  As a result of the injuries to Alynda Talmadge caused by Defendants' wrongful conduct,  James Douglas Talmadge has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of Alynda Talmadge.

b.     Elizabeth Ann Lucas is currently living and residing in Alexandria, Virginia. Elizabeth Ann Lucas grew up in Apollo, from 1961 through 1983.  Elizabeth Ann Lucas also visited friends and relatives in the community and attended school in the community.   Subsequently, Elizabeth Ann Lucas was diagnosed with colorectal cancer in January, 2012, as a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo and Parks Township, Pennsylvania.   This disease caused her severe physical injury, pain, suffering, and mental and emotional damage.

c.     (1)     James R. Lucas is currently living and residing in Lower Burrell, Pennsylvania. James R. Lucas lived in Apollo, Pennsylvania from 1956 to 1986 less than one-half mile from the Apollo NUMEC facility.  James R. Lucas also visited friends and relatives in this community during that time. Subsequently, James R. Lucas was diagnosed with bladder cancer in September 2010 and with lung cancer in January 2013, as a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo, Pennsylvania.   This disease caused him severe physical injury, pain, suffering, and mental and emotional damage.

(2)     Rita Ann Lucas is the spouse of James R. Lucas.  As a result of the injuries to James R. Lucas caused by Defendants' wrongful conduct, Rita Ann Lucas has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of James R. Lucas.

d.      Patricia Knight is surviving spouse and Personal Representative for her husband, Kevin Edward Howard Knight's estate.  Patricia Knight is suing in her individual capacity for injuries suffered as a result of Defendants' actions, and as personal representative of the estate of her husband, Edward Howard Knight.  Edward Howard Knight resided in the Apollo and Vandergrift, Pennsylvania area from 1961 to his death on January 6, 2013. As a result of Defendants' repeated releases of hazardous radioactive substances into the area surrounding the Apollo facilities, Edward Howard Knight developed colon cancer in March 2012. The onset of cancer had a debilitating effect on Edward Howard Knight, causing him severe physical injury pain and suffering, mental and emotional damage. The same diseases ultimately led to his death on January 6, 2013.

(1)      Plaintiff, Patricia Knight proceeds in her individual capacity seeking redress for harm caused her by the Defendants. Patricia Knight brings suit for Edward Howard Knight's wrongful death under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. section 8301. Patricia Knight is a proper beneficiary under that law, and her injuries, which include medical and funeral expenses, and mental pain and suffering, are properly compensable under that Act.

(2)      As representative of Edward Howard Knight's estate, Patricia Knight also brings a claim against Defendants for the injuries inflicted upon Edward Howard Knight under Pennsylvania survival statue, 42 Pa. C.S.A. sec. 8302. She is the proper representative of the estate, and no claim for Edward Howard Knight's personal injuries was brought during his life time. Patricia Knight seeks damages for the pain and mental anguish suffered by prior to his death, the medical and other expenses he incurred, as a result of his illness and eventual death. Because Defendants' conduct was reckless and/or grossly negligent, Patricia Knight seeks punitive damages.

e.      (1)     John E. Whitlinger is currently living and residing in Apollo, Pennsylvania. John

E. Whitlinger has lived in Apollo, Pennsylvania area all of his life.  John E. Whitlinger visited

friends and relatives in this community throughout her life.  John E. Whitlinger was diagnosed

with throat cancer in November 2012.  John E. Whitlinger developed throat cancer as a result of

Defendants' repeated releases of hazardous and radioactive substances into the area surrounding

their nuclear materials processing facilities in Apollo, Pennsylvania.  This disease has caused

him severe physical injury, pain, suffering, and mental and emotional damage.

        (2)     Shirley A. Whitlinger is the spouse of John E. Whitlinger.  As a result of the

injuries to John E. Whitlinger caused by Defendants' wrongful conduct, Shirley A. Whitlinger

has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and

consortium of John E. Whitlinger.

f.      (1)     Karen Louise Bove is currently living and residing in Greensburg, Pennsylvania.

Karen Louise Bove lived in Vandergrift, Pennsylvania from birth in 1963 until 1991.  Karen

Louise Bove visited friends and relatives in this community throughout her life.  Karen Louise

Bove was diagnosed with breast cancer in August 2012.  Karen Louise Bove developed breast

cancer as a result of Defendants' repeated releases of hazardous and radioactive substances into

the area surrounding their nuclear materials processing facilities in Apollo, Pennsylvania.  This

disease has caused her severe physical injury, pain, suffering, and mental and emotional damage.

        (2)     Lucien Bove is the spouse of Karen Louise Bove.  As a result of the injuries to

Karen Louise Bove caused by Defendants' wrongful conduct, Lucien Bove has suffered injury to

and loss of the care, maintenance, services, support, advice, counsel and consortium of Karen

Louise Bove.

g.      (1)     Paul W. Lants is currently living and residing in Toledo, Ohio.  Paul W. Lants

lived in Apollo, Pennsylvania from birth in 1950 until 1983.  Paul W. Lants visited friends and

relatives in this community throughout his life.  Paul W. Lants was diagnosed with thyroid cancer in November 2012.  Paul W. Lants developed thyroid cancer as a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo, Pennsylvania.  This disease has caused him severe physical injury, pain, suffering, and mental and emotional damage.

(2)     Eva-Marie Lants is the spouse of Paul W. Lants.  As a result of the injuries to Paul W. Lants caused by Defendants' wrongful conduct, Eva-Marie Lants has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of Paul W. Lants.

h.     (1)     Donna Jean Wysocki is currently living and residing in Apollo, Pennsylvania. Donna Wysocki lived in Apollo, Pennsylvania from 1966 until 1975 and from 1978  until 1982. Donna Wysocki visited friends and relatives in this community throughout her life.  Paul Donna Wysocki was diagnosed with lung cancer in August 2012.  Donna Wysocki developed lung cancer as a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo, Pennsylvania.  This disease has caused her severe physical injury, pain, suffering, and mental and emotional damage.

(2)     Patrick Raymond Wysocki is the spouse of Donna Wysocki.  As a result of the injuries to Donna Wysocki caused by Defendants' wrongful conduct, Partick Wysocki has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of Donna Wysocki.


## VI.

## CAUSES OF ACTION

## Count One

## CLAIMS ARISING UNDER THE PRICE ANDERSON ACT,

## 42 U.S.C. §2210 et seq.

29.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 28 and incorporate them by reference as if fully set forth herein.

30.     Plaintiffs in this case assert numerous state common law claims against Defendants for injuries suffered. See ¶¶ 35 through 80.  Because these Defendants are regulated by the terms of the federal Price Anderson Act, as hereinafter more fully appears, those state law claims are statutorily deemed to arise under the federal Price Anderson Act, thereby stating a federal cause of action. 42 U.S.C. §2014(hh); §2210.

31.     Defendants in this action have, at times material to this action, conducted various activities involving nuclear materials. These activities include collecting and processing uranium, plutonium, thorium and other radioactive substances. They are therefore engaged in the development, use and control of atomic energy within the terms of the Atomic Energy Act, 42 U.S.C. §2011 et. seq. A consequence of these activities is the requirement that Defendants obtain a federal license authorizing their operations involving nuclear materials. 42 U.S.C. §§ 22l0, 2073, 2092, 2093, 2111. Defendants or their predecessors and/or agents have at all relevant times held such federal licenses.

32.     In 1957, Congress amended the Atomic Energy Act to implement its policy to foster private sector participation in the nuclear energy industry. These 1957 amendments became known as the Price Anderson Act. The uranium, plutonium, thorium and other radioactive substances possessed, processed and stored by Defendants at the Apollo and Parks Township facilities are nuclear by-product materials, special nuclear materials anti/or source materials. 42 U.S.C. §2014(e), (z), (aa). Any release of these by-product, special nuclear, or source materials causing bodily injury, sickness, disease, death, loss or damage to property, or loss of use of

property constitutes a "nuclear incident" under the terms of the Price Anderson Act. 42 U.S.C. §2014(q). Plaintiffs in this case contend that Defendants have operated the facilities in Apollo and Parks Township in a negligent, grossly negligent, and reckless fashion, and have as a consequence caused the frequent release of by-product, special nuclear, and/or source materials into the surrounding communities, thereby causing a "nuclear incident" or series of "nuclear incidents" under the Price Anderson Act.

33.     Plaintiffs further argue that these releases have exposed Plaintiffs and their property to highly dangerous materials. Plaintiffs have sustained serious injuries as a direct and proximate cause of these exposures. Plaintiffs have suffered bodily injury, sickness, disease or death and loss of or damage to property as a direct and proximate result of their exposures. Plaintiffs' cause of action therefore asserts legal liability based upon a "nuclear incident," or series of such incidents, and is consequently a "public liability action" within the terms of the Price Anderson Act. 42 U.S.C. §2014(w), §20l4(hh).

34.     The Price Anderson Act further provides that in "public liability actions" arising under the Act, the law of the state in which the "nuclear incident" occurred shall provide the substantive rules of decision unless such law is inconsistent with the Act. The causes of action enumerated in ¶¶ 35 through 80 exist by virtue of the laws of the state of Pennsylvania, in which the "nuclear incident" occurred, and are therefore properly before this court as both federal causes of action arising under the Price Anderson Act and as state law claims ancillary and pendant to the federal claims. 42 U.S.C. §20l4(hh), §2210.

## Count Two

## NEGLIGENCE

35.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 34 and incorporate them by reference as if fully set forth herein.

36.     Defendants owed to Plaintiffs a duty of due care which could only be satisfied by the legal, safe, and proper generation, use, management, storage and disposal of the radioactive, toxic and hazardous substances in Defendants' possession. Defendants had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of Plaintiffs. Defendants also had a specific duty to warn or notify Plaintiffs of the potential hazards of exposure to radioactive, toxic and hazardous substances and to warn or notify Plaintiffs of the fact that discharges or releases of these substances had occurred, and were likely to occur in the future.

37.     Further, Defendants had a duty to comply with applicable state, federal, and local governmental laws, regulations, and guidelines applicable to persons generating, managing, storing, using, and disposing of radioactive, hazardous and toxic substances.

38.     Defendants breached these duties by their negligent, grossly negligent, and reckless generation, management, storage, use, and disposal of radioactive, hazardous and toxic substances and their negligent, grossly negligent, and reckless conduct of operations at the Apollo and Parks facilities, including remediation and decommissioning activities. Such conduct was in utter non-compliance with applicable federal, state and local laws, regulations, and guidelines. Defendants' reckless, grossly negligent, negligent, and illegal conduct resulted in the dangerous release of radioactive, hazardous and toxic substances into the communities surrounding the Apollo and Parks Township facilities.   These actual and continued releases have subjected Plaintiffs to an unreasonable risk of harm, and to actual injuries to their persons,

property and economic interests. Defendants also failed to warn Plaintiffs of the actual and threatened releases of such substances and of the reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent. Finally, Defendants failed to act to prevent their releases from harming Plaintiffs.

39.     The operators of the NUMEC operations knew about the hazards associated with nuclear operations. Additionally, the legislative history of the Price Anderson Act, which was passed with the active participation of private companies involved in the nuclear power industry, is rife with references to the extreme consequences that could be expected in the event of a nuclear accident. Indeed, the gravity of such consequences was a major contributing factor to the passage of the Price Anderson Act. These Defendants clearly knew or should have known that their generation, management, storage, use, disposal, releases, or discharges of radioactive, toxic and hazardous substances at the Apollo and Parks Township facilities would result in actual injuries and increased risks to the persons, property and economic interests of the public living near the facility.

40.     Defendants' negligence was a direct and proximate cause of Plaintiffs' injuries causing both actual present harm and creating an increased risk of harm to their persons, property and economic interests. Plaintiffs are entitled to recover damages for such injuries.

41.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Three

## NEGLIGENCE PER SE

42.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 41 and incorporate them by reference as if fully set forth herein.

43.     Plaintiffs contend that throughout their history, the facilities at Apollo and Parks Township were operated in non-compliance with applicable federal, state and local laws and regulations promulgated thereunder. Applicable statutes include but are not limited to the Atomic Energy Act, 42 U.S.C. §2011 et. seq., regulations issued thereunder in 10 C.F.R. Parts 20, 30, 40, 70, specifically including but not limited to 10 C.F.R. 20.103(a), 10 C.F.R. 20.106(b) and (g), 10 C.F.R. 20.201(b), 10 C.F.R. 20.203(d), 10 C.F.R. 20.206(a), 10 C.F.R. 20.401(b), 10 C.F.R. 20.405(a), (b), 10 C.F.R. 407(b)(1), (2), 10 C.F.R. 30.3, 10 C.FR. 70.24, licenses issued thereunder, including but not limited to license #SNM-145, #SNM-414, #SMB-502, #37-07031-01, #37-04456-01, #37- 04456-03, #37-04456-04, #37-04456-05, #C-4834, #C-3762; the Price Anderson Act, 42 U.S.C. §2210 et seq., and regulations issued thereunder; the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §9601, §9603, §9611(g), and regulations issued thereunder; the Toxic Substances and Control Act (TSCA), 15 U.S.C. §2601, §2607(e) and regulations issued thereunder; the Resource Conservation and Recovery Act (RCRA) 42 U.S.C. §6901, §6924(d), §6925 and regulations issued thereunder; the Emergency Planning and Community Right to Know Act (EPCRTKA) 42 U.S.C. § 11001, § 11023 and regulations issued thereunder; and applicable Pennsylvania air and water quality protection and waste disposal laws.

44.     These violations of applicable state, federal and local laws, regulations and guidelines were a direct and proximate cause of injuries to Plaintiffs. The increased risk of harm and the actual present harm to their person, property and economic interests are precisely the types of

injuries these applicable laws were designed to prevent. Violation of these statutes thereby constitutes per se negligence.

45.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.


## Count Four

## ABSOLUTE OR STRICT LIABILITY

46.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 45 and incorporate them by reference as if fully set forth herein.

47.     The conduct of nuclear processing activities, including remediation and decommissioning activities, poses significant risk of harm to persons living and working in the vicinity of the operation. The consequences of nuclear accidents or incidents to health, property and the environment are extremely dire, and can be measured in the millions, if not billions of dollars. Nor is it possible to eliminate the risk by taking reasonable precautions. Finally, processing nuclear materials has never been a matter of common usage; indeed, prior to 1957, private operators were not permitted to engage in such activities at all. The conduct of nuclear processing activities at Defendants' Apollo and Parks Township operations clearly constituted abnormally dangerous activities.

48.     In addition, with the knowledge of the environmental and health hazards associated with the processing of nuclear fuel components, Defendants' predecessors chose to establish the first and largest privately-owned commercial nuclear processing facility in the midst of the communities of Apollo and Parks Township, with facilities being located as little as 50 feet from homes. Although Plaintiffs maintain the Defendants' activities were abnormally dangerous per

se, the location of such activities in a well-populated area such as Apollo or Parks Township would independently have rendered them abnormally dangerous.

49.     As a direct and proximate result of the Defendants' collection, handling, processing, storage and disposal of radioactive, toxic and hazardous substances at the Apollo and Parks Township facilities, there have been releases of such substances into the environment, thereby injuring Plaintiffs, which injuries include actual present harm and increased risks of harm to their persons, property and economic interests.  Defendants' releases, and their conduct of abnormally dangerous activities in the Apollo and Parks Township facilities have also interfered substantially with Plaintiffs' private use and enjoyment of their property. These injuries constitute the type of harm the possibility of which made the Defendants' activities abnormally dangerous.

50.     Defendants are therefore strictly liable to Plaintiffs for all damages which have resulted and which will continue to result from the collection, handling, processing, storage and disposal of radioactive, toxic and hazardous substances at the Apollo and Parks Township facilities.

51.     All injuries and damages to Plaintiffs are substantial; however, many of the injuries to the Plaintiffs are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Five

## MISREPRESENTATION AND CONCEALMENT

63.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 62 and incorporate them by reference as if fully set forth herein.

64.     Some or all of the Defendants, at various times, both negligently and/or failed to disclose to Plaintiffs material facts concerning the nature and the magnitude of the releases of radioactive, toxic and hazardous substances from Defendants' nuclear processing facilities in Apollo and

Parks Township. Defendants further misrepresented and concealed the magnitude of such releases and the potential health risks and health effects of such activities, which effects were known to Defendants. Finally, Defendants have continued to make misrepresentations to members of the community regarding their ability to restore the Apollo and/or Parks Township facility sites such that those properties can safely be made available for unrestricted use.

65.     Each of these misrepresentations and/or concealments were made by Defendants individually, jointly and in conspiracy with each other, and were made with the intention of creating a false impression in the minds of the Plaintiffs as to the true environmental status of the community and the true health risks accompanying Defendants' releases of toxic, hazardous and radioactive substances such that Plaintiffs would be lulled into complacency, and would refrain from seeking redress or pursuing other remedial action.

66.     Plaintiffs reasonably believed and in good faith relied upon Defendants' misrepresentations and concealments in making decisions regarding seeking legal redress or pursuing remedial actions.

67.     Many of the Plaintiffs' injuries arising out of the releases of radioactive, toxic and hazardous substances by Defendants into the environment have been compounded by the passage of time and Plaintiffs' reliance upon Defendants' misrepresentations and concealments, Plaintiffs' injuries include both actual present harm and increased risk of harm to the person, property and economic interests of Plaintiffs. All injuries were directly and proximately caused by Plaintiffs' reliance upon Defendants' false and misleading representations, omissions and concealments. Plaintiffs sustained damages including injuries, illnesses, disabilities, and/or death. Plaintiffs are entitled to recover damages for such injuries.

68.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Six

## CIVIL CONSPIRACY

69.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 68 and incorporate them by reference as if fully set forth herein.

70.     Some or all of the Defendants, their officers and employees, and other persons and entities unknown to Plaintiffs, at various times, acted together with the common purpose of conducting operations at the nuclear processing facilities in Apollo and Parks Township in an unlawful manner, and with the further common purpose of unlawfully concealing operations at such facilities from the public and of concealing the fact that releases of toxic substances, radiation, and pollutants was occurring.

71.     In furtherance of this conspiracy, Defendants have taken overt steps to conceal the nature of plant operations from the public and from regulators, and have failed in their legal duty to disclose the fact that releases of toxic pollutants and radiation have occurred. Such concealment is a violation of law, and a violation of Defendants' duty to Plaintiffs as members of the community.

72.     In furtherance of this conspiracy, Defendants have also falsely and fraudulently represented the nature and extent of releases of toxic, hazardous and radioactive substances from their Apollo and Parks Township facilities, have misrepresented the health and environmental risks associated with such releases and with the operations of Defendants' facilities, and have concealed information known to Defendants about the health risks and the status of knowledge

regarding the dangerous properties of the toxic, hazardous and radioactive substances used, processed, generated and released from the facilities.

73.     As a direct and proximate result of Defendants' conspiracy, Plaintiffs have suffered injuries to their persons, property and economic interests and are entitled to recover damages for such injuries.

74.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Seven

## WRONGFUL DEATH AND SURVIVAL

75.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 74 and incorporate them by reference as if fully set forth herein.

76.     Defendants' negligent, grossly negligent, and reckless conduct was the direct and proximate cause of the wrongful death of Decedent Eva Meyers. Pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. §8301, Plaintiffs' beneficiaries are entitled to recover damages for such wrongful death.  Wrongful death plaintiffs' damages include medical, funeral and other expenses and loss of support.

77.     Statutory beneficiaries, including personal representatives or executors of the estates of the decedents are entitled to assert the causes of action referred to herein on behalf of such deceased persons pursuant to the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302.

78.     All injuries and damages to Plaintiffs' decedents are substantial. Many of the injuries to Plaintiffs' decedents are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## VII.

## <u>DAMAGES</u>

79.     As a direct and proximate result of Defendants' tortious conduct as alleged above, Plaintiffs have been injured by exposure to toxic and radioactive substances. Plaintiffs have been damaged in the following particulars and seek to recover therefor:

a.      Plaintiffs have suffered and will continue to suffer great physical pain and mental anguish and will continue to suffer great pain and anguish throughout their lifetime;

b.       Plaintiffs have incurred hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such expenses in the future due to the permanent nature of their injuries resulting from exposure to toxic and radioactive substances, from which injuries they now suffer and will continue to suffer in the future;

c.      Plaintiffs suffer a physical impairment at this time and will continue to suffer this impairment in the future due to their injuries resulting from exposure to toxic and radioactive substances;

d.      Plaintiffs suffer a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of injuries resulting from exposure to toxic and radioactive substances;

e.      Plaintiffs have suffered a present increased risk of developing cancer and other serious diseases as a result of exposure to toxic and radioactive substances, and will require medical detection and surveillance services, including medical testing, preventive screening and the commission of independent studies adequate to quantify the adverse health effects of Defendants' releases of radioactive, toxic and hazardous substances, and

to allow Plaintiffs to take preventive action and to receive the early warning necessary to increase the efficacy of treatment of disease;

f.      Plaintiffs have suffered a progressive loss of wages and earning capacity and will continue to suffer a loss of earning capacity and wages throughout their lifetimes;

g.      Plaintiffs require or will require domestic help and nursing care due to their disabilities and have been or will be required to pay for such domestic help and nursing services;

h.      Prior to the onset of their symptoms, Plaintiffs were extremely active and participated in numerous hobbies and activities, and as a result of their injuries, Plaintiffs have been and will be prevented from engaging in some of said activities which were normal to them prior to developing symptoms and injuries resulting from exposure to toxic and radioactive substances. Plaintiffs have been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

i.      A loss of consortium has been suffered between husbands and wives;

j.      Because Defendants' conduct was grossly negligent and reckless, Plaintiffs seek punitive damages;

k.      Wrongful death Plaintiffs seek to recover for the foregoing as a result of the wrongful and premature death of theft decedents which resulted from exposure to radioactive and toxic substances. In addition, wrongful death Plaintiffs seek reasonable burial and funeral expenses, loss of consortium damages and compensation for decedents' lost earnings and accumulations; and

l.      Survival action Plaintiffs seek to recover for the foregoing on behalf of the estates of their decedents. In addition, these Plaintiffs seek to recover loss of gross income

incurred prior to decedents' death and the loss of future earnings caused by decedents' untimely death.

80.     The conduct of Defendants, as alleged herein, was a direct, proximate and producing cause of the damages resulting from Plaintiffs' injuries and wrongful death of decedents, and of the following general and special damages that Plaintiffs have sustained both in their individual capacities, as next friends, or as personal representatives of the heirs and estates of decedents:

a.      Damages to punish Defendants for proximately causing Plaintiffs' Decedents' untimely death;

b.      Damages for the physical impairment suffered by Plaintiffs' Decedents prior to death;

c.      Damages for the disfigurement suffered by Plaintiffs' Decedents prior to death;

d.       Damages for reasonable and necessary medical expenses incurred by Plaintiffs' Decedents and their estates;

e.      Damages for reasonable funeral and burial expenses incurred by Plaintiffs' Decedents' estates;

f.      Damages for Decedents' lost earnings and net accumulations;

g.      Damages for the loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs and Decedents' family members received from the decedents prior to last illness and death.

## VIII.

## PRAYER FOR RELIEF

81.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their attorneys' fees and costs expended herein, for

prejudgment interest from the date of Plaintiffs' exposure to toxic, hazardous or radioactive substances released by Defendants, and post judgment interest on the judgment at the rate allowed by law, and for injunctive relief. PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A JURY RAISED HEREIN.

BY:     */s/ Jason T. Shipp*
          Bruce E. Mattock, Esq.
          PA I.D. # 43237
          David B. Rodes, Esq.
          PA ID # 47819
          Jason T. Shipp, Esq.
          PA I.D. #87471

          1030 Fifth Avenue
          Pittsburgh, Pennsylvania 15219
          (412) 471-3980 (phone)
          (412) 471-8308 (facsimile)

          MOTLEY RICE LLC

          */s/ Anne McGinness Kearse*
          Anne McGinness Kearse, Esq.
          *Admitted Pro Hac Vice*

          MOTLEY RICE LLC
          28 Bridgeside Blvd.
          Mt. Pleasant, SC 29464
          (843)216-9000

          */s/  Jonathan D. Orent*
          Fidelma L. Fitzpatrick, Esq.
          *Admitted Pro Hac Vice*
          Jonathan D. Orent, Esq.
          *Admitted Pro Hac Vice*

          MOTLEY RICE LLC
          321 South Main Street
          Providence, Rhode Island 02903
          (401) 457-7700 (phone)
          (401) 457-7708 (facsimile)